STRANCH, Circuit Judge,
concurring in the judgment.
I agree that the recent decision in McBurney v. Young, — U.S. -, 133 S.Ct. 1709, 185 L.Ed,2d 758 (2013), forecloses relief for the Plaintiff in this case. I write separately only to note that I do not read McBumey as necessarily foreclosing the application of the Privileges and Immunities Clause to each and every right of access to public information.
There is merit to the argument that access to public information in certain cases may be protected by the Privileges and Immunities Clause. Lee v. Minner, 458 F.3d 194 (3d Cir.2006), explains why and includes arguments that I think may survive McBumey. Political advocacy is an “ ‘essential activity[1] which ‘bear[s] upon *711 the vitality of the Nation as a single entity.”’ Minner, 458 F.3d at 200 (quoting Baldwin v. Fish & Game Comm’n of Mont., 436 U.S. 371, 387, 98 S.Ct. 1852, 56 L.Ed.2d 354 (1978)). And a minimal level of “access to public records is necessary to the ability to engage in that activity.” Id. Jones may not have a constitutional right to unfettered access to information, McBurney, 133 S.Ct. at 1718; but only the most cramped reading of the Privileges and Immunities Clause would limit its reach to rights already guaranteed by some other part of the Constitution. If that were the case, the Clause would be irrelevant.
In McBumey, the Court noted that the right of “access to public information ... framed broadly — is not protected” by the Clause. Id. at 1715 (emphasis added). And the Court added that the plaintiffs in McBumey had not contended that national unity suffered as a result of the citizens-only FOIA provisions at issue. Id. at 1719. Presumably, then, a more narrowly framed right of access to public information might be protected, if supported by specific evidence of harm to “the maintenance or well-being of the Union.” Id. (quoting Baldwin, 436 U.S. at 387, 98 S.Ct. 1852). Here, because Jones did not articulate such a right, nor support his argument with specific evidence, I am constrained to concur in the majority’s decision.